Filed 7/14/26  Rahman v. Newrez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SUMAIRA RAHMAN, et al., | 2d Civ. No. B348015 |
| Plaintiffs and Appellants, | (Super. Ct. No. 2024CUOR028259) |
| v. | (Ventura County) |
| NEWREZ, LLC, et al., | |
| Defendants and Respondents. | |

Appearing in propria persona, Sumaira Rahman and Syed Rahman appeal an order declaring them vexatious litigants and subjecting them to a prefiling requirement under Code of Civil Procedure section 391.[1]  The order is appealable as an order granting an injunction under section 904.1, subdivision (a)(6).  (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1347.)

---

[1] All statutory references are to the Code of Civil Procedure.

In their opening brief, appellants state that they "seek review of the trial court's denial of two separate applications for Temporary Restraining Orders (TROs), its subsequent order declaring Appellants vexatious litigants . . . , and its denial of a Motion for Reconsideration" of the vexatious litigant order. Appellants cannot seek review of the denial of the TROs because they appealed only from the May 15, 2025 order declaring them vexatious litigants and the July 3, 2025 order denying their motion for reconsideration.[2]  They did not appeal from the orders denying their applications for TROs.  Such orders are appealable. (§ 904.1, subd. (a)(6); *Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 332; *McLellan v. McLellan* (1972) 23 Cal.App.3d 343, 357.)

Appellants list numerous "issues on appeal."  All of the issues are forfeited because appellants failed to comply with the rules of appellate procedure.  Nevertheless, we exercise our discretion to consider appellants' claim that the trial court lacked jurisdiction to enter a vexatious litigant order.  (See *United Farmers Agents Assn., Inc. v. Farmers Group, Inc.* (2019) 32 Cal.App.5th 478, 491, fn. 8.)  We affirm.

*Failure to Comply with Rules of Appellate Procedure*

"Failure to comply with time-honored rules of appellate procedure may result in forfeiture of the issues on appeal."  (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 618.)  Appellants violated the California Rules of Court, rule 8.204(a)(1)(C), which requires that "any reference to a matter in the record" be supported "by a citation to the volume and page number of the record where the

---

[2] An order denying a motion for reconsideration is not appealable, but it may be reviewed on a proper appeal from the order that the trial court refused to reconsider.  (§ 1008, subd. (g).)

2

matter appears."  Appellants' opening brief does not include a single supporting citation to the record.[3]  "It is the duty of counsel to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal.  [Citation.]  If no citation 'is furnished on a particular point, the court may treat it as waived.'  [Citation.]  We find this is an appropriate case in which to apply the waiver rule."  (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115; see also *In re S.C.* (2006) 138 Cal.App.4th 396, 406-407 ["When an appellant's brief makes no reference to the pages of the record where a point can be found, an appellate court need not search through the record in an effort to discover the point purportedly made.  [Citations.]  We can simply deem the contention to lack foundation and, thus, to be forfeited"].)

Moreover, although appellants cite various authorities, their arguments are conclusory and not supported by meaningful legal and factual analysis.  " 'The absence of cogent legal argument . . . allows this court to treat the contention as waived.' "  (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)  "We are not bound to develop appellants' arguments for them."  (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)  "We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' "  (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153; see also *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287

---

[3] Appellants have not filed a reply brief.

3

["We consider . . . only those issues for which appellants have supplied some cogent argument and the legal basis for it"].)

Appellants' in propria persona status does not excuse their failure to follow the rules of appellate procedure. "When a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys [citations]. Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney [citation]." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639, fn. omitted.)

### *Appellants' Dismissal of Their Action Did Not Deprive the Court of Jurisdiction Over the Vexatious Litigant Proceeding*

Appellants filed against respondents a complaint consisting of 10 causes of action. Respondents filed a motion to declare appellants vexatious litigants. Appellants subsequently requested that the entire action be dismissed without prejudice. The request was granted. Thereafter, the trial court entered its order declaring appellants vexatious litigants. Appellants contend the order is "void" because the trial court lost "jurisdiction" as a result of their voluntary dismissal of the action.

*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009 (*Pittman*), is directly on point. In an action filed by Pittman, the defendant moved to have him declared a vexatious litigant. After Pittman had voluntarily dismissed the action, the trial court entered an order declaring him a vexatious litigant. Pittman moved to vacate the order. He claimed "his voluntary dismissal of the case deprived the trial court of jurisdiction to rule on the pending vexatious litigant motion." (*Id.*, at p. 1021.) The Court of Appeal noted: "Pittman is correct

4

that a plaintiff's voluntary dismissal of an action generally deprives the court of jurisdiction in the case. [Citations.] Accordingly, most orders entered after the dismissal are void and have no effect." (*Id.*, at p. 1022.)

Nevertheless, the appellate court held that the trial court retained jurisdiction to proceed with the vexatious litigant motion after the dismissal. It explained: "[A] motion to declare a self-represented plaintiff a vexatious litigant deals with an ancillary issue and has no bearing on the finality of the judgment or dismissal. Retaining jurisdiction to decide a vexatious litigant motion is consistent with the purpose of the statutes, which are 'designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants.' [Citation.] A dismissal does not rectify the harm already done by the filing of a groundless action. Nor does the dismissal extinguish the court's interest in deterring and punishing the waste of judicial resources. A contrary rule would allow a litigant to strategically escape a vexatious litigant finding altogether by dismissing a party or an action prior to a ruling on the vexatious litigant motion and then refiling his or her claims in a later proceeding. This is precisely the tactic Pittman has engaged in here. To fulfill the statute's aim of protecting future potential litigants, the ability to declare an individual a vexatious litigant must survive even after the action has been dismissed." (*Pittman*, *supra*, 20 Cal.App.5th at pp. 1024-1025.)

We find the reasoning of *Pittman* persuasive. Accordingly, we reject appellants' claim that the trial court lacked jurisdiction

5

to enter the vexatious litigant order after appellants' voluntary dismissal of the underlying action.

*Disposition*

The order declaring appellants vexatious litigants is affirmed.  Respondents shall recover their costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, Acting P. J.

We concur:

BALTODANO, J.

CODY, J.

Benjamin F. Coats, Judge

Superior Court County of Ventura

———————————————

Syed Rahman and Sumaira Rahman, in propria persona, for Plaintiffs and Appellants.

Klinedinst and Robert M. Shaughnessy, Neeru Jindal, for Defendants and Respondents.